08-6056-ag
Liu v. Holder

BIA
A077 007 739

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of March, two thousand ten.

PRESENT:
> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
> *Circuit Judges*.

_____

YUN QING LIU,
> *Petitioner*,

v.                                          08-6056-ag
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,*
> *Respondent*.

_____

FOR PETITIONER:        Theodore N. Cox, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Christopher C. Fuller,
                       Senior Litigation Counsel; Zoe J.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Heller, Trial Attorney, Civil Division, Office of Immigration Litigation, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Yun Qing Liu, a native and citizen of the People's Republic of China, seeks review of the November 18, 2008 order of the BIA, which denied her motion to reopen. *In re Yun Qing Liu*, No. A077 007 739 (B.I.A. Nov. 18, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Here, the BIA did not abuse its discretion in denying Liu's motion to reopen as untimely because she filed it over five years after the BIA issued its final order of removal. *See* 8 C.F.R. § 1003.2(c)(2).

In some circumstances, under the doctrine of equitable tolling, ineffective assistance of counsel can extend the filing deadline for an alien's motion to reopen. *See Cekic*

2

*v. INS*, 435 F.3d 167, 170 (2d Cir. 2006).  In order to warrant equitable tolling, however, the alien is required to demonstrate that she exercised "due diligence" in pursuing her claims during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed."  *See Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008).

The BIA did not act arbitrarily or capriciously in concluding that Liu failed to exercise due diligence. Though "there is no period of time which we can say is *per se* unreasonable," *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007), Liu filed her first motion to reopen three years after she reasonably should have discovered that she received ineffective assistance of counsel.  Liu asserts that she did not become aware of the ineffective assistance of her previous counsel until May 2008, when she filed her second motion to reopen.  The record is clear that, in February 2003, Liu was aware that the initial BIA notice of decision denying her petition for asylum and withholding of removal had been mailed to an incorrect address.  She points to no evidence indicating that, despite this fact, she

3

diligently pursued her claim between 2003 and 2006, save for an unspecific contention that, at some point after February 2003, she sought a second opinion from other lawyers.  We find that the petitioner has not met her burden in demonstrating due diligence, *see Rashid*, 533 F.3d at 132, and the BIA therefore did not err in finding that the circumstances do not warrant equitable tolling.

   For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.


                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk